74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William T. BAILEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3336.
 United States Court of Appeals, Federal Circuit.
 Jan. 22, 1996.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 William T. Bailey petitions for review of the decision of the Merits Systems Protection Board (Board) dismissing as untimely his appeal from the September 30, 1993 decision of his employer, the Department of Defense. Because Bailey has failed to demonstrate that the Board abused its discretion in not waiving the time requirement for appeals to the Board, we affirm.
 
 
 2
 * In the summer of 1993, the Defense Logistic Agency's Distribution Depot in Memphis, Tennessee, offered its employees the opportunity to apply between August 15 and September 30 for separation incentive pay and early retirement under a Voluntary Separation Incentive Pay Program. On September 15, Bailey submitted a request to resign his position of Packer, WG-5, under the Program, effective September 30. The form Bailey signed stated that requests to resign or retire under the Program were irrevocable. On September 24, Bailey submitted a written request to withdraw his resignation. On September 30, the agency in writing denied Bailey's withdrawal request, stating that his September 15 resignation request had been irrevocable. The September 30 letter notified Bailey of his rights to appeal to the Board, and stated that if he wished to appeal to the Board, he could do so any time within 20 days from the date of his resignation (September 30). In order to be timely, then, Bailey had until October 20, 1993, to file his appeal with the Board. Bailey did not file his appeal until July 26, 1994. Given the untimeliness of the filing and the Board's authority to waive the time requirement for good cause shown, the Administrative Judge (AJ) assigned to Bailey's case offered Bailey the opportunity to demonstrate that the time requirement should be waived in this case. A hearing was held on the issue of timeliness, at the conclusion of which the AJ held that Bailey's appeal was indeed filed out of time, and that Bailey had failed to demonstrate that he could not have filed the appeal sooner than July 24, 1994. Accordingly, the AJ declined to waive the time requirement and dismissed Bailey's appeal as untimely. Bailey's petition for review to the full Board was denied, thereby making the decision and opinion of the AJ that of the Board, and Bailey brought his appeal in this court.
 
 II
 
 3
 We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. In addition, the Board's decisions must be supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 4
 The opinion of the AJ reviews in detail the evidence adduced at the timeliness hearing. Between October 29, 1993, and the date Bailey filed his appeal in 1994, he was three times hospitalized for treatment of substance abuse and depression. While hospitalized, Bailey could not be expected to pursue his appeal rights. During the periods of non-hospitalization, however, no proof was offered that Bailey was incompetent to pursue his appeal rights. In fact, Bailey testified that at times between visits to the hospital he was able to think soundly. During such periods, he had consulted with counsel about the possibility of filing an appeal.
 
 
 5
 Whether to excuse an untimely filing by waiving the time requirement is a matter committed to the sound discretion of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (in banc ). In this case, the Board concluded--based on uncontested evidence--that substantial periods of time existed in which Bailey could earlier have filed his appeal, and that Bailey thus had not been diligent in pursuit of his appeal rights. For that reason, the Board in its discretion declined to waive the time requirement. Because substantial evidence supports the Board's decision, we must affirm the dismissal of Bailey's appeal.